### HERING et v LIMBACH et

Ohio Appeals, 5th Dist, Stark Co

Decided Feb 27, 1934

Emmett D. Graybill, Massillon, for plaintiffs.

Lewis C. Wiggins, Massillon, for defendants.

## OPINION

By MONTGOMERY, J.

It is the contention of the plaintiffs that the defendants are without authority to act, and that the plaintiffs, as members of this board of health, are under the jurisdiction and subject to the order of the state board of health, only. As authority for this contention they rely upon the case of **Board of Health v State ex O'Wesney**, decided by this court and reported in **40 Oh Ap, 77**. With this we do not agree. The question in the O'Wesney case, as stated by the court was: "It therefore appears that the question now before us is whether or not the civil service laws of this state, as now enacted, apply to persons in the employ of the city district board of health." The question in the instant case is the right of removal of such members of the board of health by the mayor and the city council of the city acting under the provisions of §§4263 **and 4264, GC.**

It is contended by the plaintiffs that they are subject only to the orders of the state board of health and can be removed by that body only acting under the provisions

of §1261-25, GC. Reference to that section shows that the power is vested in the state commissioner of health to prefer charges against district members of boards of health for failure to perform duties required by that act, to-wit: §1261-16, et seq, GC.

A reading of §1261-25 GC shows that the state authorities are vested with this power in the case of nonfeasance, which is a failure to perform the duties required by that act. There is no provision vesting in the state authorities power to remove members of a district board of health for malfeasance in office, or misconduct in office. The power of appointment of such members of a district board of health lies with the municipal authorities. It seems to us equally clear that the power of removal, when such removal is justified, is vested in these same municipal authorities.

Sec 4246, GC, is as follows: "The executive power and authority of cities shall be vested in a mayor, president of council, auditor, treasurer, solicitor, director of public service, director of public safety, and such other officers and departments as are provided by this title." The title is headed, "Sub-division II, Executive." Chapter II under this subdivision, is entitled, "board of health." It seems to us clear that the board of health is one of the departments provided by this title "executive."

Sec 4263, GC, provides that "the mayor shall have general supervision over each department and the officers provided for in this title. When the mayor has reason to believe that the head of a department or such officer has been guilty in the performance of his official duty of bribery, misfeasance, malfeasance, nonfeasance, misconduct in office, gross neglect of duty, gross immorality or habitual drunkenness, he shall immediately file with the council, except when the removal of such head of department or officer is otherwise provided for, written charges against such person," etc.

Sec 4264, GC, provides for the hearing of such charges by the city council and its action upon such hearing.

Holding as we do that §1261-16, GC, and the following sections, go no further than to authorize the state board of health to remove local boards for the things therein provided, and holding that the board of health is a department provided for by §4246, et seq, GC, it follows that the power of removal for malfeasance, misconduct, etc., does lie with the municipal authorities.

However, it is the judgment of this court that such power of removal exists only in cases of substantial charges being preferred and not on flimsy, baseless grounds. Counsel for defendants rely upon the case of **State ex Vogt v Donahey, Governor, 108 Oh St, 440.** That case does not sustain the contention of counsel for defendants. The Supreme Court in that case held that the charges preferred were substantial and did state sufficient grounds for removal, and that there was some evidence before the governor to sustain the charges. This court has held, in several instances, in actions brought to restrain the removal of civil service commissions, and the removal of city employees by civil service commissions, that two things were necessary before such removals could be had. First, that substantial charges be preferred and, second, that there be some credible evidence to support these charges. We see no reason for making a different holding in the case of members of boards of health.

The nature and character of the charges preferred by the mayor against the plaintiffs in the instant case do not appear of record. The allegation of the petition is that the defendants "have unlawfully conspired to hinder and prevent plaintiffs, as members of said board of health from functioning," and that the contemplated action of the mayor and the other defendants is to circumvent a former action of the Common Pleas Court of Stark County in issuing a writ of mandamus to require the city council of the city of Massillon to appropriate funds necessary for the operation of said board of health.

No issue of fact has been raised by the pleadings. The motion to dissolve the injunction, based upon the contention that the mayor has absolute power under §4263, GC, to prefer these charges and that the council has authority to hear and act upon them, is in effect a demurrer to the petition. Therefore, for the purposes of this hearing, the allegations of the petition are to be taken as true.

The allegations of the petition to which reference has heretofore been made, are such that if found to be true, and if the defendants should be attempting to act without substantial charges, the right of injunction in the plaintiffs would lie. In view of the state of the record, it follows that the motion to dissolve the injunction should be, and is, overruled. Exceptions may be noted.

SHERICK, PJ, and LEMERT, J, concur.